**Phillip Edwards BAKER, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**No. Civ.A. 98–C–244–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 4, 1999.

---

William R. Hill, Jr., Boggs & Hayes, Clanton, AL, for Phillip Edwards Baker, plaintiff.

Charles E. Sharp, Turner B. Williams, Sadler, Sullivan, Sharp, Fishburne & Van Tassel, P.C., Birmingham, AL, for CSX Transportation, Inc., defendant.

### *MEMORANDUM OPINION AND ORDER*

CARROLL, United States Magistrate Judge.

On January 23, 1998, the plaintiff, Phillip Edwards Baker, filed this action against CSX Transportation, Inc. (CSX) in the Circuit Court of Chilton County, Alabama. Baker alleged that on February 17, 1996 he was injured by a locomotive owned and operated by CSX and that he suffered injuries as a result of that company's negligence. The case was removed to this court on March 5, 1998. On December 9, 1998, CSX filed a motion for summary judgment alleging that the plaintiff was contributorially negligent as a matter of law. On December 11, 1998, this court issued an order setting the motion for submission on January 4, 1999. The plaintiff was ordered to file his response on or before December 28, 1998. The plaintiff has not filed any response.

For the reasons which follow, the court concludes that the motion for summary judgment is due to be granted.

## FACTS

As noted above, this lawsuit arises out of a collision between the plaintiff's truck and a CSX locomotive. The undisputed evidence before the court establishes that the plaintiff had been drinking heavily during the time period prior to his collision with the train. Toxicology reports taken at Carraway Medical Center where the plaintiff was taken after the accident indicates that at time the plaintiff had a blood alcohol level of .17 which is twice the legal limit in the state of Alabama for intoxication. The same toxicology reports also show that there was cocaine in the plaintiff's blood stream. Also at the time of the accident, the plaintiff did not have a valid driver's license because it had been revoked for previous driving under the influence convictions.

The collision occurred at a railroad crossing on Chilton County Road 7. The train involved in the collision, CSX Q64816, was heading north from Montgomery towards Birmingham at approximately 4:24 a.m. The CSX train approached the crossing at Chilton County Road 7 and was traveling at approximately 45 miles per hour, which is 5 miles per hour less than the Federal Railway Administration's maximum allowable speed on the track. According to the engineer on the train, Ronald L. Mayo, the whistle was blowing continuously as it approached and entered the crossing, which was in accordance with the whistle board instructions. Furthermore, the train's headlight was on bright, the ditch lights were illuminated, and the bell was ringing.

In his deposition testimony, Mr. Baker admitted that he was aware that the crossing across Chilton County Road 7 was a railroad crossing and he had crossed it many times. On the night of the accident, Mr. Baker was accompanied by a Ms. Joyce Boykin whom Mr. Baker had met earlier at the Silver Steer Bar. Immediately prior to the accident, Ms. Boykin, who also provided deposition testimony, was in the process of handing Mr. Baker a can of beer when she heard a loud train whistle and recognized the cadence of the whistle as the way train whistles are blown when a train is approaching a crossing. When she realized that the train was nearby and that the truck in which she and Mr. Baker were riding was approaching the railroad crossing, she told Mr. Baker, "That is a train." The crossing at Chilton County Road 7 is protected by a pair of cross bucks and a stop sign on both sides of the crossing.

At some point, the plaintiff saw the train because he applied the brakes and skidded approximately 23 and one half feet. The truck driven by Mr. Baker collided with the third wheel of the lead locomotive of the train. Ms. Boykin was thrown eight feet from where the vehicle came to rest and the driver, Mr. Baker, was thrown 26 feet. A Chilton County police officer who examined both Ms. Boykin and Mr. Baker at the scene has provided an affidavit indicating that they both smelled of alcohol.

## DISCUSSION

██ Under Alabama law, the driver of an automobile has an affirmative duty to "stop, look and listen" before attempting to traverse a railroad crossing. *See* ALA. CODE § 32–5A–150 (1975). As the Alabama Supreme Court has recently noted,

> It is established by our decisions that one who is about to cross a railroad track must stop so near to the track, and his survey by sight and sound must so immediately proceed his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track. The law thus imposes a continuing duty to see that the way is clear before attempting to cross.

*Ridgeway v. CSX Transportation,* 723 So.2d 600, 604 (Ala. July 31, 1998) (*citing Southern Railway v. Randall,* 221 Ala. 435, 438, 128 So. 894, 897 (1930)). The court went on to conclude that under Ala-

bama law "a person who fails to stop, look, and listen before crossing a railroad track is, in the absence of special circumstances, contributorily negligent as a matter of law." *Id.* The facts in *Ridgeway* are strikingly similar to the undisputed facts before the court. The major difference between the two cases is that the plaintiff in *Ridgeway* was sober and in this case, the undisputed evidence establishes that Mr. Baker was clearly intoxicated at the time of the accident.

According to the decision in *Ridgeway,* in order to establish contributory negligence as a matter of law, the defendant must prove that the plaintiff (1) had knowledge of the dangerous condition; (2) had appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care by placing himself in the way of danger. In this case, the undisputed evidence establishes each of those elements. Mr. Baker testified during his deposition that he had knowledge of the dangerous condition of this crossing because he had passed through the crossing "hundreds of times" during his life. He offered no explanation as to why he did not stop at the crossing on the occasion of the accident when he admitted that he had always stopped for the crossing when he passed through it "hundreds of times" before. The undisputed evidence also establishes that Mr. Baker realized the presence of the train, albeit too late to avoid the accident, because his truck left a skid mark of 23 and one half feet. The existence of skid marks is prima facie evidence that a plaintiff failed to stop, look, and listen in accordance with Alabama law. *See Gibson v. Norfolk Southern Corp.,* 878 F.Supp. 1455, 1460–61 (N.D.Ala.1994). Other evidence also establishes that Mr. Baker failed to exercise reasonable care because he failed to stop, look, and listen. The train engineer indicated, and Mr. Baker's passenger confirmed, that the train whistle was blowing and the headlights and ditch lights were illuminated as the train approached the crossing. Further, the evidence shows that Mr. Baker was intoxicated. Accordingly, under the applicable law recently reaffirmed by the Alabama Supreme Court in *Ridgeway v. CSX,* the court concludes that, based on the undisputed evidence before the court, Mr. Baker was contributorily negligent as a matter of law. Accordingly, the defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment filed by the defendant on December 9, 1998 be GRANTED and that this cause be DISMISSED with prejudice.